NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, A CORPORATION, APPELLANT, v. VICTOR HAVAS, DOING BUSINESS AS VIC HAVAS MOTORS, RESPONDENT.

No. 4135

May 29, 1959                              339 P.2d 767

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*Zenoff & Magleby,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This action is brought upon an insurance policy to recover a loss resulting from theft of a house trailer. The insurance company has appealed from judgment for the plaintiff rendered by the trial court sitting without jury. It contends that its obligation under the terms of the policy does not cover the loss involved in this case.

Plaintiff is engaged in the used-car business in Las Vegas. The insurance company has issued to the plaintiff its policy insuring against loss of motor vehicles by theft. The general insuring agreement of the policy is "to pay for loss of or damage to the automobile hereinafter called loss caused by theft * * *." The policy further specifies, "The policy covers automobiles consigned to or owned by the insured and held for sale or used in the insured's business as an automobile including

repair service or as demonstrators, but excludes automobiles sold by the insured under bailment, lease, conditional sale, mortgage or other type of encumbrance."

There are limitations upon liability, however. The policy specifies that it applies to losses incurred at 4000 Fremont Street, Las Vegas, and provides, "No liability shall attach hereunder at other locations owned, rented or controlled wholly or in part and used by the insured as a place of display or storage of automobiles * * * unless such location has been reported by the insured to the company."

The stolen trailer was, at the time of the theft, situated upon plaintiff's car lot in Las Vegas. That lot was not specified in the insurance policy as a location covered by the policy. The insurance company contends that under the quoted provision of the policy such specification was a necessary condition to liability.

The policy further provides, however, "If the same theft and collision rates apply to all locations, no listing of locations is required."

The record contains no evidence as to the premium rate applicable to the lot upon which the trailer was located. There is, then, no evidence which would support a finding upon the issue of a difference in premium rates at the two locations. Under these circumstances the appellant has failed to meet its burden of proof in establishing that this exception to liability existed.

It is well established that when an insured has proved a loss apparently within the terms of the policy, the burden is on the insurer to show that such loss was produced by a cause which is excepted from the coverage. Zuckerman v. Underwriters at Lloyds, London, 42 Cal. 2d 460, 267 P.2d 777; See also Anno. 48 A.L.R.2d 72, sec. 21.

Affirmed.

(McNAMEE, J., having disqualified himself, the Governor designated Honorable Taylor H. Wines, Judge of the Fourth Judicial District Court to sit in his place and stead.)